**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS; WEBILT FOUR WHEEL DRIVE CLUB; FRIENDS OF GREENHORN; NEVADA COUNTY WOODS RIDERS; GRASS VALLEY 4-WHEEL DRIVE CLUB; HIGH SIERRA MOTORCYCLE CLUB; DAVID C. WOOD; KYRA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, Secretary, U.S. Department of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, Chief, U.S. Forest Service; RANDY MOORE, Regional Forester, U.S. Forest Service's Pacific Southwest Region; TOM QUINN, Forest Supervisor, Tahoe National Forest, <br><br> Defendants - Appellees, <br><br> THE WILDERNESS SOCIETY; CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER; FOREST ISSUES | No. 14-15336 <br><br> D.C. No. 2:12-cv-01876-JAM-CKD <br><br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GROUP; MOTHER LODE CHAPTER OF THE SIERRA CLUB; PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY; SIERRA FOOTHILLS AUDUBON SOCIETY,

Intervenor-Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 8, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges and BREYER,[**] District Judge.

Appellants are groups of motor sports enthusiasts who challenge the adequacy of the U.S. Forest Service's Environmental Impact Statement on the Tahoe Motorized Travel Management Project. Appellants appeal the district court's grant of summary judgment in favor of the Forest Service and other federal government defendants on Appellants' claims that the Forest Service violated various provisions of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, when it evaluated the environmental impacts of permitting or

---

[**] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

2

prohibiting motor vehicle use on 869 miles of "user-created" roads and trails in the Tahoe National Forest. The term "user-created" refers to those roads and trails that visitors to the Forest created over time by driving vehicles off of the agency-maintained system of roads and trails. We affirm.

The Tahoe Motorized Travel Management Project implemented the Department of Agriculture's 2005 Travel Management Rule, which provided for a nationwide overhaul of off-road vehicle management in America's National Forests. *See* Travel Management; Designated Routes and Areas for Motor Vehicle Use, 70 Fed. Reg. 68,264, 68,264 (Nov. 9, 2005) (codified at 36 C.F.R. §§ 212, 251, 261, 295). The Rule required the Forest Service to draft a new map of roads, trails, and other areas in each National Forest that the agency designated as open for motorized travel, and to prohibit the public from possessing or operating a motor vehicle "on National Forest System lands . . . other than in accordance with those designations," including on any existing user-created routes not selected for inclusion in the Forest Service's official transportation network. 36 C.F.R. § 261.13.

Because the Forest Service's decision to regulate motor vehicle use in the National Forests stands to have a significant impact on "the quality of the human environment," NEPA obligated the agency to prepare a detailed Environmental

Impact Statement ("EIS") in order to assess the potential environmental effects of various alternative proposals prior to settling on a course of action. 42 U.S.C. § 4332(C). Accordingly, the Forest Service prepared an EIS for the Tahoe Motorized Travel Management Project to assist the agency in determining which, if any, of the 869 miles of user-created routes in the Tahoe National Forest would be included in its final list of authorized trails and roads. In 2010, the Forest Service issued a final Rule of Decision designating approximately 62 miles of user-created roads and trails in the Tahoe National Forest into the agency's official transportation system, and closing the remainder of user-created roads and trails to future motor vehicle use.

Appellants subsequently brought suit alleging a variety of procedural defects arising out of the Forest Service's NEPA analysis that led to its decision not to designate more than 62 miles of user-created roads and trails. The Forest Service's compliance with NEPA is subject to judicial review under the Administrative Procedure Act. *See Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1193–94 (9th Cir. 2008). We review the district court's summary judgment decision *de novo*, determining whether the Forest Service acted arbitrarily, capriciously, or "otherwise not in accordance with law" with respect to the Tahoe Motorized Travel Management Project's EIS. *See* 5 U.S.C. § 706(2)(A);

*Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059, 1065 (9th Cir. 2004).

We hold that the Forest Service considered a reasonable range of alternatives to implement the 2005 Travel Management Rule in the Tahoe National Forest and fully considered the environmental impacts of those alternatives; this is all that NEPA requires. *See* 42 U.S.C. § 4332(E); 40 C.F.R. §§ 1502.14, 1502.16(d). The record demonstrates that the Forest Service engaged in a robust public process to develop six action alternatives that were consistent with the Motorized Travel Management Project's stated purpose and need: "to regulate unmanaged motor vehicle travel by the public" that was "adversely impact[ing] the environment," and to continue to "[p]rovide motorized access to existing dispersed recreation opportunities" and "a diversity of motorized recreation opportunities" in the Forest. *See Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2004) (providing that the underlying purpose and need dictates the reasonableness of an agency's alternatives analysis). These action alternatives varied in the number of miles of user-created routes they would designate (a range of zero to approximately eighty miles); in the number of "open areas" for motor vehicle use that would be established under each plan; in the types of vehicles that would be permitted; and in the seasons in which motor vehicle use would be allowed, among

5

other things.  The Forest Service also evaluated the environmental consequences of continuing to allow motor vehicle use on all 869 miles of user-created roads and trails through its consideration of a "no-action alternative."  The Forest Service's assessment of the environmental impacts of each alternative was detailed and thorough.  Plaintiffs have failed to show how considering additional alternatives would have fostered more informed decision making than the alternatives that the Forest Service analyzed and rejected based on the adverse environmental impacts it perceived.  *See California v. Block*, 690 F.2d 753, 767 (9th Cir. 1982) (explaining that an agency is not obligated to consider an alternative unless it would have aided the agency in making a "reasoned choice").

We further find that the Forest Service did not act arbitrarily in limiting its analysis of the cumulative impacts of the Motorized Travel Management Project to the boundary of the Tahoe National Forest.  The Tahoe National Forest was the designated project area, and we have affirmed that an agency's decision to use a project's boundaries as the geographic scope of its cumulative effects analysis is reasonable, even where a project may have cumulative impacts in a broader geographic area. *See Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 764 (9th Cir. 1996) (holding that the Forest Service did not have to consider cumulative impacts on animal populations adjacent to, but outside, of a

6

project area); *see also Selkirk Conservation All. v. Forsgren*, 336 F.3d 944, 960 (9th Cir. 2003) ("It was not unreasonable for the Forest Service to limit its analysis to the [geographic unit] in which the . . . Project would take place."). The Forest Service also provided a rationale for not assessing the potential cumulative impacts of the proposed motor-vehicle restrictions in nearby National Forests: if the agency had "considered a larger spatial bounding, addressing the effects of the proposed action and the interaction with similar actions on adjacent national forests," it believed "the site specificity would have been lost among all the assumptions." The Forest Service also explained that "the effects of evolving [Travel Management] decisions [across the state of California] would be difficult to quantify," and noted that "[p]redictions about changes in the amount of recreational use . . . would be highly speculative." These justifications are reasonable. *See Selkirk*, 336 F.3d at 958–60 (holding that the agency reasonably limited its cumulative effects assessment where expanding the analysis area further would work minimize the magnitude of a project's environmental impact); *accord Friends of the Wild Swan v. Weber*, 767 F.3d 936, 943 (9th Cir. 2014).

Although Appellants are dissatisfied with the substantive outcome reached by the Forest Service, they have failed to demonstrate procedural deficiencies in the Forest Service's EIS process. *See 'Ilio'ulaokalani Coal. v. Rumsfeld*, 464 F.3d

1083, 1093 (9th Cir. 2006) ("NEPA imposes procedural requirements designed to force agencies to take a 'hard look' at environmental consequences. NEPA does not, however, mandate any substantive outcome." (internal quotation mark and citation omitted)).

**AFFIRMED**.